# IN THE UNITED STATE DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **MARITZ HOLDINGS, INC.** )<br>)<br>     **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**TRAVELERS CASUALTY AND** )<br>**SURETY COMPANY OF AMERICA,** )<br>)<br>**and** )<br>)<br>**FEDERAL INSURANCE COMPANY,** )<br>)<br>     **Defendants.** ) | No. 4:17-cv-01212 |

## ANSWER OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

Defendant Travelers Casualty and Surety Company of America ("Travelers"), by and through counsel, submits the following for its Answer to the Plaintiff's Complaint:

1. Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Travelers admits that it is an insurance company organized and existing under the laws of the State of Connecticut, and its principal place of business is in the State of Connecticut. Travelers further admits that it is part of The Travelers Companies, Inc. corporate family.

4. Admitted.

5. Upon information and belief, Travelers admits the first, third, and fourth grammatical sentence of Paragraph 5 of the Complaint. With regard to the second grammatical

sentence, upon information and belief Federal Insurance Company ("Federal") is a wholly-owned subsidiary of Chubb INA Holdings, Inc.

6. Upon information and belief, admitted.

7. Travelers admits that this action involves whether the Plaintiff's claimed loss is covered by certain insurance policies issued by Travelers and Federal, respectively. Travelers denies the remainder of the allegations in Paragraph 7 of the Complaint. Travelers specifically denies that its conduct was in any way wrongful or vexatious.

8. Travelers admits that jurisdiction is proper before this federal court.

9. Travelers admits that venue is proper in this federal judicial court.

10. Travelers admits that it issued Excess Follow Form Crime Policy No. 051-LB-105695750 (the "First Layer Excess Policy"), subject to an applicable policy period of July 30, 2015 to July 30, 2016. Upon information and belief, Travelers also admits that Federal issued policy number 8208-7853 and policy number 6803-1913. The terms of the First Layer Excess Policy (and of the policies issued by Federal) speak for themselves, and Travelers denies all allegations inconsistent therewith.

11. Travelers admits that it issued the First Layer Excess Policy, subject to an applicable policy period of July 30, 2015 to July 30, 2016. Upon information and belief, Travelers also admits that Federal issued policy number 8208-7853 and policy number 6803-1913. The terms of the First Layer Excess Policy (and of the policies issued by Federal) speak for themselves, and Travelers denies all allegations inconsistent therewith.

12. Admitted.

13. Upon information and belief, admitted.

1204661

14. Travelers admits that Exhibit 1 appears to be a true and accurate copy of the Primary Policy.

15. Admitted. The terms of the Primary Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

16. Admitted.

17. Travelers admits that Paragraph 17 appears to be an accurate quotation of Computer Fraud Coverage Insuring Clause 5 in the Primary Policy. The terms of the Primary Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

18. Travelers admits that Paragraph 18 appears to be an accurate quotation of Expense Coverage Insuring Clause 10 in the Primary Policy. The terms of the Primary Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

19. Travelers admits that Paragraph 19 appears to be an accurate quotation of certain definitions applicable to the Crime Coverage Section in the Primary Policy. The terms of the Primary Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

20. Travelers admits that Paragraph 20 appears to be an accurate quotation of Section 28(a) (as amended by Endorsement No. 28) of the Crime Coverage Section in the Primary Policy. The terms of the Primary Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

21. Admitted. The terms of the Primary Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

22. Admitted.

23. Travelers admits that Exhibit 2 appears to be a true and accurate copy of the First Layer Excess Policy. The terms of the First Layer Excess Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

24. Admitted.

25. Travelers admits that Paragraph 25 appears to be an accurate quotation of the Insuring Clause found in the First Layer Excess Policy. The terms of the First Layer Excess Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

26. Admitted. The terms of the First Layer Excess Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

27. Admitted. The terms of the First Layer Excess Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

28. Admitted. The terms of the First Layer Excess Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

29. Upon information and belief, admitted.

30. Travelers admits that Exhibit 3 to the Complaint appears to be a true and accurate copy of the Second Layer Excess Policy. The terms of the Second Layer Excess Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

31. Upon information and belief, admitted.

32. Travelers admits that Paragraph 32 appears to be an accurate quotation of the Insuring Clause in the Second Layer Excess Policy. The terms of the Second Layer Excess Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

33. Admitted. The terms of the Second Layer Excess Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

34. Admitted. The terms of the Second Layer Excess Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

35. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

36. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

37. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

38. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

39. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

40. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

41. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

42. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

43. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

44. Upon information and belief, and based upon the investigation conducted to date, Travelers admits that CashStar told the Plaintiff of the allegations in Paragraph 44 of the Complaint. Travelers lacks knowledge or information sufficient to form a belief as to the truth of

what CashStar informed the Plaintiff. The terms of CashStar's January 20, 2016 letter to the Plaintiff speak for themselves, and Travelers denies all allegations inconsistent therewith.

45. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

46. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

47. Upon information and belief, Travelers admits that the Plaintiff retained Charles River Associates on or about March 17, 2016.

48. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

49. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

50. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

51. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted (except that Travelers denies that $11,159,676.00 is the proper valuation of this portion of the Plaintiff's claim).

52. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

53. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted (except that Travelers denies that the $11,094,077.39 is proper valuation of this portion of the Plaintiff's claimed loss).

1204661

54. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.  However, Travelers denies that coverage is implicated for this portion of the Plaintiff's claim.

55. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.  However, Travelers denies that coverage is implicated for this portion of the Plaintiff's claim.

56. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

57. Travelers admits that the Plaintiff provided notice of its alleged loss on or about March 25, 2016, but lacks knowledge or information sufficient to form a belief as to whether such notice was "prompt" or "timely" under the Primary Policy, the First Layer Excess Policy, or the Second Layer Excess Policy.

58. Travelers admits that the Plaintiff submitted a sworn Proof of Loss on or about June 16, 2016.  The terms of the Proof of Loss speak for themselves, and Travelers denies all allegations inconsistent therewith.

59. Denied.

60. Denied.

61. Travelers admits that Kroll, Inc. was retained by both Federal and Travelers.  Travelers admits that Kroll issued a report dated December 21, 2016 (the "Kroll Report").

62. Admitted.

63. Travelers admits that a call was held on September 20, 2016 in the furtherance of the investigation of the Plaintiff's claimed loss.

1204661

64. Travelers denies that the information and documentation provided by the Plaintiff established coverage in excess of the $5,000,000 paid under the Primary Policy and the $634,789.21 paid under the First Layer Excess Policy. Travelers lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 64 of the Complaint.

65. Travelers admits that Kroll requested additional documentation and information in the furtherance of the investigation of the Plaintiff's claim. Travelers denies that the requests were "immaterial" to "the submitted and pending claims." Travelers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 of the Complaint.

66. Travelers denies any wrongdoing with regard to the investigation of the Plaintiff's claim, including but not limited to allegations that the investigation was "slow."

67. Denied.

68. Travelers admits that Federal submitted a letter to the Plaintiff dated December 28, 2016. The contents of the December 28, 2016 letter speak for themselves, and Travelers denies all allegations in Paragraph 68 inconsistent therewith.

69. The contents of the December 28, 2016 letter speak for themselves, and Travelers denies all allegations in Paragraph 69 inconsistent therewith. Travelers admits that the December 28, 2016 letter, *inter alia*, "verified a covered loss of $5,634,789.21 after the application of the $100,000 Retention. This amount also includes the $150,000 Expense Coverage limit. Federal will be issuing its settlement check in the amount of the $5,000,000 Computer Fraud Insuring Clause Limit of Liability." Travelers denies all allegations not expressly admitted.

70. The contents of the December 28, 2016 letter speak for themselves, and Travelers denies all allegations in Paragraph 70 inconsistent therewith.

71. The contents of the December 28, 2016 letter speak for themselves, and Travelers denies all allegations in Paragraph 71 inconsistent therewith.

72. Travelers admits that it submitted a letter to the Plaintiff dated January 4, 2017. The contents of the January 4, 2017 letter speak for themselves, and Travelers denies all allegations in Paragraph 72 inconsistent therewith. Travelers admits that the January 4, 2017 letter stated, *inter alia*, "Travelers will issue payment in the amount of $634,789.21 upon payment by Federal in the amount of $5,000,000, in accordance with its letter."

73. Travelers admits that it received a letter from the Plaintiff's counsel dated January 5, 2017. The contents of the January 5, 2017 letter speak for themselves, and Travelers denies all allegations in Paragraph 73 inconsistent therewith.

74. Upon information and belief, Travelers admits the first two grammatical sentences of Paragraph 74 of the Complaint. The terms of the Release as to Federal under the Primary Policy speak for themselves, and Travelers denies all allegations inconsistent therewith.

75. Travelers admits the first and final grammatical sentence of Paragraph 75 of the Complaint. The terms of the Partial Release speak for themselves, and Travelers denies all allegations in Paragraph 75 inconsistent therewith.

76. Travelers admits that the Plaintiff has been provided a copy of the Kroll Report. Travelers admits that it has not amended its coverage position or made payment under the First Layer Excess Policy other than the $634,789.21 that was previously paid and subject to the Partial Release. The Plaintiff has not established coverage under the First Layer Excess Policy in excess of $634,789.21.

77. Travelers hereby incorporates its responses in Paragraphs 1-76 of this Answer.

78. Travelers admits that it issued the First Layer Excess Policy and that the Plaintiff paid premiums for the First Layer Excess Policy.

79. Upon information and belief, admitted.

80. Admitted. However, Travelers denies that the Plaintiff has established coverage under the First Layer Excess Policy in excess of $634,789.21.

81. Upon information and belief, admitted. However, upon information and belief Travelers denies that the Plaintiff has established coverage under the Second Excess Policy.

82. Denied.

56. Upon information and belief, denied.[1]

83. Denied.

84. Denied.

85. Upon information and belief, denied.

86. Travelers hereby incorporates its responses in Paragraphs 1-85 of this Answer.

87. Travelers admits that the First Layer Excess Policy and the Second Layer Excess Policy constitute contracts, but denies that coverage is implicated under the First Layer Excess Policy in excess of the $634,789.21 it has already paid to the Plaintiff. Upon information and belief, Travelers denies that coverage is implicated under the Second Excess Policy. The terms of the First Layer Excess Policy and the Second Layer Excess Policy speak for themselves, and Travelers denied all allegations inconsistent therewith.

88. Travelers admits that the Plaintiff submitted a sworn Proof of Loss on or about June 16, 2016. Travelers denies that the Proof of Loss implicates coverage under the First Layer Excess

---

[1] The Complaint erroneously numbered the paragraph following Paragraph 82 as a second Paragraph 56. Following the second Paragraph 56 is numbered Paragraph 84.

1204661

Policy in excess of the $634,789.21 already paid by Travelers. Upon information and belief, Travelers denies that coverage is implicated under the Second Layer Excess Policy.

89. Denied.

90. Denied.

91. Travelers admits that when the December 28, 2016 and January 4, 2017 letters were transmitted, the Plaintiff did not have a copy of the Kroll Report. Travelers admits that the Plaintiff was provided a copy of the Kroll Report in February 2017. Travelers denies the remainder of the allegations in Paragraph 91 of the Complaint.

92. Denied.

93. Denied.

94. Denied.

62. Denied.[2]

63. Denied.

95. Travelers hereby incorporates its responses in Paragraphs 1-94 of this Answer.

96. Admitted. However, Travelers denies that coverage is implicated under the First Layer Excess Policy in excess of the $634,789.21 already paid by Travelers.

97. Upon information and belief, admitted. However, upon information and belief, Travelers denies that coverage is implicated under the Second Layer Excess Policy.

78. Travelers admits that pecuniary interests of the Plaintiff, Federal, and Travelers are at issue in this lawsuit. However, Travelers denies that coverage is implicated under the First

---

[2] The Complaint erroneously numbered the two (2) paragraph following Paragraph 94 as a second Paragraph 62 and a second Paragraph 63. Following the second Paragraph 63 is numbered Paragraph 95.

1204661

Layer Excess Policy in excess of the $634,789.21 already paid by Travelers.[3]  Upon information and belief, Travelers also denies that coverage is implicated under the Second Layer Excess Policy.

79.     Travelers admits that the parties are entitled to a declaration from this Court as to whether coverage is further implicated under the First Layer Excess Policy and/or the Second Layer Excess Policy.  However, Travelers denies that coverage is implicated under the First Layer Excess Policy in excess of the $634,789.21 already paid by Travelers.  Upon information and belief, Travelers also denies that coverage is implicated under the Second Layer Excess Policy.

80.     Travelers admits that the Plaintiff seeks a declaration for the relief sought in Paragraph 80 of the Complaint.  However, Travelers denies that the Plaintiff is entitled to such a declaration.

81.     Travelers denies that the Plaintiff is entitled to any of the relief sought in the Complaint.  Travelers hereby denies all allegations in the Complaint not specifically admitted herein.

## **Affirmative Defenses**

A.     Travelers hereby asserts and incorporates by reference those affirmative defenses set forth in Federal Rule of Civil Procedure 8 and 12, as if restated herein. The applicability of said defenses, if any, will be determined during discovery.

B.     The Complaint fails to state a claim upon which relief can be granted.

C.     The Plaintiff cannot satisfy its burden of proving a covered loss in excess of the monies already paid by Federal and by Travelers.

---

[3] The Complaint erroneously numbered the three (3) paragraph following Paragraph 97 as a second Paragraph 78, a second Paragraph 79, and a second Paragraph 80.

1204661

  D. Travelers asserts all conditions, limitations, exclusions, or defenses under the Primary Policy, the First Layer Excess Policy, and the Second Layer Excess Policy as a defense to the Complaint, the application of each provision of each policy to be determined upon further discovery in this case.

  E. The Complaint is barred, in whole or in part, to the extent any applicable statutory, contractual, or equitable limitations period has expired.

  F. Coverage is excluded (in whole or in part) by, *inter alia*, Exclusion 12(g) in the Primary Policy (as applied to the First Layer Excess Policy and the Second Layer Excess Policy).

  G. Travelers hereby incorporates by reference all defenses to coverage raised in Federal's December 28, 2016 letter and Travelers' January 4, 2017 letter.

  H. Travelers' and Federal's valuation of the claimed loss was proper and in accordance with the terms of the Primary Policy, the First Layer Excess Policy, and the Second Layer Excess Policy.

  I. An award of prejudgment interest, fees, expenses, and costs is not appropriate in this matter.

  J. An award of extra-contractual damages is not appropriate in this matter.

  K. Count I (Breach of Contract) and Count III (Declaratory Judgment) should be bifurcated from Count II (Vexatious Refusal to Pay) pursuant to Fed. R. Civ. P. 42(b).

  L. Travelers may have certain other affirmative defenses which have not yet become apparent based upon the allegations of the Complaint. Travelers reserves the right to assert any additional affirmative defenses by amendment of this pleading or otherwise.

Wherefore, premises considered, Travelers requests (1) an Order declaring that coverage is not implicated under the First Layer Excess Policy in excess of the $634,789.21 already paid by Travelers, (2) a dismissal of the Complaint, (3) its costs, fees, and expenses, and (4) for any other relief this Court deems just and necessary.

Respectfully submitted,

/s/ Justin D. Wear
Scott Williams        Missouri Bar No. 65682
Jeffrey S. Price      *Pro Hac Vice*
Justin D. Wear        *Pro Hac Vice*
MANIER & HEROD, P.C.
150 Fourth Avenue North, Suite 2200
Nashville TN 37219
Phone: (615) 244-0030
Fax: (615) 242-4203
SWilliams@manierherod.com

**ATTORNEY FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

### CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2017, a copy of the foregoing was served via this Court's ECF system upon the following:

Matthew S. Darrough
Brandi L. Burke
Thompson Coburn LLP
One US Bank Plaza
St. Louis MO 63101

/s/ Justin D. Wear

1204661