IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MARITZ HOLDINGS, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:17-cv-01212 |
| ) | |
| **TRAVELERS CASUALTY AND** ) | |
| **SURETY COMPANY OF AMERICA,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **FEDERAL INSURANCE COMPANY,** ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF FEDERAL INSURANCE COMPANY

Defendant Federal Insurance Company ("Federal"), by and through counsel, submits the following for its Answer to the Plaintiff's Complaint:

1. Federal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Federal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Upon information and belief, Federal admits the first grammatical sentence of Paragraph 3 of the Complaint. Upon information and belief, Federal further admits that Travelers Casualty and Surety Company of America is part of The Travelers Companies, Inc. corporate family.

4. Upon information and belief, admitted.

5. Federal admits the first, third, and fourth grammatical sentence of Paragraph 5 of the Complaint. With regard to the second grammatical sentence, Federal is a wholly-owned subsidiary of Chubb INA Holdings, Inc.

6. Admitted.

7. Federal admits that this action involves whether the Plaintiff's claimed loss is covered by certain insurance policies issued by Federal and Travelers Casualty and Surety Company of America ("Travelers"), respectively. Federal denies the remainder of the allegations in Paragraph 7 of the Complaint, including that its conduct was in any way wrongful or vexatious.

8. Federal admits that jurisdiction is proper before this federal court.

9. Federal admits that venue is proper in this federal judicial court.

10. Federal admits that it issued Executive Protection Portfolio Policy No. 8208-7853 (the "Primary Policy") subject to an applicable policy period of July 30, 2015 to July 30, 2016. Federal also admits that Travelers issued Excess Follow Form Crime Policy No. 051-LB-105695750 (the "Travelers Policy"). Federal also admits that it issued Excess Policy No. 6803-1913 (the "Second Layer Excess Policy"). The terms of the Primary Policy, Travelers Policy, and the Second Layer Excess Policy speak for themselves, and Federal denies all allegations inconsistent therewith.

11. Federal admits that it issued the Primary Policy and the Second Layer Excess Policy and that Travelers issued the Travelers Policy. The terms of the Primary Policy, the Travelers Policy, and the Second Layer Excess Policy speak for themselves, and Federal denies all allegations inconsistent therewith.

12. Admitted.

13. Admitted.

1204841.1

14. Federal admits that Exhibit 1 appears to be a true and accurate copy of the Primary Policy.

15. Admitted.  The terms of the Primary Policy speak for themselves, and Federal denies all allegations inconsistent therewith.

16. Admitted.

17. Federal admits that Paragraph 17 appears to be an accurate quotation of Computer Fraud Coverage Insuring Clause 5 in the Primary Policy.

18. Federal admits that Paragraph 18 appears to be an accurate quotation of Expense Coverage Insuring Clause 10 in the Primary Policy.

19. Federal admits that Paragraph 19 appears to be an accurate quotation of certain definitions applicable to the Crime Coverage Section in the Primary Policy.

20. Federal admits that Paragraph 20 appears to be an accurate quotation of Section 28(a) (as amended by Endorsement No. 28) of the Crime Coverage Section in the Primary Policy.

21. Admitted.

22. Admitted.

23. Federal admits that Exhibit 2 appears to be a true and accurate copy of the Travelers Policy.

24. Admitted.

25. Federal admits that Paragraph 25 appears to be an accurate quotation of the Insuring Clause found in the Travelers Policy.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Federal admits that Exhibit 3 to the Complaint appears to be a true and accurate copy of the Second Layer Excess Policy.

31. Admitted.

32. Federal admits that Paragraph 32 appears to be an accurate quotation of the Insuring Clause in the Second Layer Excess Policy.

33. Admitted.

34. Admitted.

35. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

36. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

37. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

38. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

39. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

40. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

41. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

42. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

43. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

44. Upon information and belief, and based upon the investigation conducted to date, Federal admits that CashStar told the Plaintiff of the allegations in Paragraph 44 of the Complaint. Federal lacks knowledge or information sufficient to form a belief as to the truth of what CashStar informed the Plaintiff. The terms of CashStar's January 20, 2016 letter to the Plaintiff speak for themselves, and Federal denies all allegations inconsistent therewith.

45. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

46. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

47. Upon information and belief, Federal admits that the Plaintiff retained Charles River Associates on or about March 17, 2016.

48. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

49. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

50. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

51. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted (except that Federal denies that $11,159,676.00 is the proper valuation of this portion of the Plaintiff's claim).

52. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

53. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted (except that Federal denies that the $11,094,077.39 is proper valuation of this portion of the Plaintiff's claimed loss).

54. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.  However, Federal denies that coverage is implicated for this portion of the Plaintiff's claim.

55. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.  However, Federal denies that coverage is implicated for this portion of the Plaintiff's claim.

56. Upon information and belief, and based upon the investigation conducted to date and the Affidavit of Richard Ramos, admitted.

57. Federal admits that the Plaintiff provided notice of its alleged loss on or about March 25, 2016.  Federal lacks sufficient knowledge or information sufficient to form a belief as to whether said notice was "prompt" or "timely" under the Primary Policy, the Travelers Policy, or the Second Layer Excess Policy.

58. Federal admits that the Plaintiff submitted a sworn Proof of Loss on or about June 16, 2016.  The terms of the Proof of Loss speak for themselves, and Federal denies all allegations inconsistent therewith.

1204841.1

59. Denied.

60. Denied.

61. Federal admits that Kroll, Inc. was retained by both Federal and Travelers. Federal admits that Kroll issued a report dated December 21, 2016 (the "Kroll Report").

62. Admitted.

63. Federal admits that a call was held on September 20, 2016 in the furtherance of the investigation of the Plaintiff's claimed loss.

64. Federal denies that the information and documentation provided by the Plaintiff established coverage in excess of the $5,000,000 paid under the Primary Policy and the $634,789.21 paid under the Travelers Policy. Federal lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 64 of the Complaint.

65. Federal admits that Kroll requested additional documentation and information in the furtherance of the investigation of the Plaintiff's claim. Federal denies that the requests were "immaterial" to "the submitted and pending claims." Federal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 of the Complaint.

66. Federal denies any wrongdoing with regard to the investigation of the Plaintiff's claim, including but not limited to allegations that the investigation was "slow."

67. Denied.

68. Federal admits that it submitted a letter to the Plaintiff dated December 28, 2016. The contents of the December 28, 2016 letter speak for themselves, and Federal denies all allegations in Paragraph 68 inconsistent therewith.

69. The contents of the December 28, 2016 letter speak for themselves, and Federal denies all allegations in Paragraph 69 inconsistent therewith. Federal admits that the December 28, 2016 letter, *inter alia*, "verified a covered loss of $5,634,789.21 after the application of the $100,000 Retention. This amount also includes the $150,000 Expense Coverage limit. Federal will be issuing its settlement check in the amount of the $5,000,000 Computer Fraud Insuring Clause Limit of Liability."

70. The contents of the December 28, 2016 letter speak for themselves, and Federal denies all allegations in Paragraph 70 inconsistent therewith.

71. The contents of the December 28, 2016 letter speak for themselves, and Federal denies all allegations in Paragraph 71 inconsistent therewith.

72. Federal admits that Travelers submitted a letter to the Plaintiff dated January 4, 2017. The contents of the January 4, 2017 letter speak for themselves, and Federal denies all allegations in Paragraph 72 inconsistent therewith. Federal admits that the January 4, 2017 letter stated, *inter alia*, "Travelers will issue payment in the amount of $634,789.21 upon payment by Federal in the amount of $5,000,000, in accordance with its letter."

73. Federal admits that it received a letter from the Plaintiff's counsel dated January 5, 2017. The contents of the January 5, 2017 letter speak for themselves, and Federal denies all allegations in Paragraph 73 inconsistent therewith.

74. Federal admits the first two grammatical sentences of Paragraph 74 of the Complaint. The terms of the Release as to Federal under the Primary Policy speak for themselves, and Federal denies all allegations inconsistent therewith.

1204841.1

75. Upon information and belief, Federal admits the first and final grammatical sentence of Paragraph 75 of the Complaint. The terms of the Partial Release speak for themselves, and Federal denies all allegations in Paragraph 75 inconsistent therewith.

76. Federal admits that the Plaintiff has been provided a copy of the Kroll Report. Federal admits that it has not amended its coverage position and admit that Travelers has not made payment under the Travelers Policy other than the $634,789.21 that was previously paid and subject to the Partial Release. The Plaintiff has not established coverage under the Travelers Policy in excess of $634,789.21, and has not established coverage under the Second Layer Excess Policy.

77. Federal hereby incorporates its responses in Paragraphs 1-76 of this Answer.

78. Upon information and belief, Federal admits that Travelers issued the Travelers Policy and that the Plaintiff paid premiums for the Travelers Policy.

79. Admitted.

80. Admitted. However, Federal denies that the Plaintiff has established coverage under the Travelers Policy in excess of $634,789.21.

81. Admitted. However, Federal denies that the Plaintiff has established coverage under the Second Layer Excess Policy.

82. Upon information and belief, denied.

56. Denied.[1]

83. Denied.

84. Upon information and belief, denied.

85. Denied.

---

[1] The Complaint erroneously numbered the paragraph following Paragraph 82 as a second Paragraph 56. Following the second Paragraph 56 is numbered Paragraph 84.

1204841.1

86. Federal hereby incorporates its responses in Paragraphs 1-85 of this Answer.

87. Federal admits that the Travelers Policy and the Second Layer Excess Policy constitute contracts, but denies that coverage is implicated under the Travelers Policy in excess of the $634,789.21 it has already paid to the Plaintiff. Federal also denies that coverage is implicated under the Second Layer Excess Policy. The terms of the Travelers Policy and the Second Layer Excess Policy speak for themselves, and Federal denied all allegations inconsistent therewith.

88. Federal admits that the Plaintiff submitted a sworn Proof of Loss on or about June 16, 2016. Federal denies that the Proof of Loss implicates coverage under the Travelers Policy in excess of the $634,789.21 already paid by Travelers. Federal denies that coverage is implicated under the Second Layer Excess Policy.

89. Denied.

90. Denied.

91. Federal admits that when the December 28, 2016 and January 4, 2017 letters were transmitted, the Plaintiff did not have a copy of the Kroll Report. Federal admits that the Plaintiff was provided a copy of the Kroll Report in February 2017. Federal denies the remainder of the allegations in Paragraph 91 of the Complaint.

92. Denied.

93. Denied.

94. Denied.

62. Denied.[2]

63. Denied.

---

[2] The Complaint erroneously numbered the two (2) paragraph following Paragraph 94 as a second Paragraph 62 and a second Paragraph 63. Following the second Paragraph 63 is numbered Paragraph 95.

1204841.1

  95.  Federal hereby incorporates its responses in Paragraphs 1-94 of this Answer.

  96.  Admitted.  However, Federal denies that coverage is implicated under the Travelers Policy in excess of the $634,789.21 already paid by Travelers.

  97.  Admitted.  However, Federal denies that coverage is implicated under the Second Layer Excess Policy.

  78.  Federal admits that pecuniary interests of the Plaintiff, Federal, and Travelers are at issue in this lawsuit.  However, Federal denies that coverage is implicated under the Travelers Policy in excess of the $634,789.21 already paid by Travelers.[3]  Federal also denies that coverage is implicated under the Second Layer Excess Policy.

  79.  Federal admits that the parties are entitled to a declaration from this Court as to whether coverage is further implicated under the Travelers Policy and/or the Second Layer Excess Policy.  However, Federal denies that coverage is implicated under the Travelers Policy in excess of the $634,789.21 already paid by Travelers.  Federal also denies that coverage is implicated under the Second Layer Excess Policy.

  80.  Federal admits that the Plaintiff seeks a declaration for the relief sought in Paragraph 80 of the Complaint.  However, Federal denies that the Plaintiff is entitled to such a declaration.

  81.  Federal denies that the Plaintiff is entitled to any of the relief sought in the Complaint.  Federal hereby denies all allegations in the Complaint not specifically admitted herein.

---

[3] The Complaint erroneously numbered the three (3) paragraph following Paragraph 97 as a second Paragraph 78, a second Paragraph 79, and a second Paragraph 80.

1204841.1

## **Affirmative Defenses**

A. Federal hereby asserts and incorporates by reference those affirmative defenses set forth in Federal Rule of Civil Procedure 8 and 12, as if restated herein. The applicability of said defenses, if any, will be determined during discovery.

B. The Complaint fails to state a claim upon which relief can be granted.

C. The Plaintiff cannot satisfy its burden of proving a covered loss in excess of the monies already paid by Federal and by Travelers.

D. Federal asserts all conditions, limitations, exclusions, or defenses under the Primary Policy, the Travelers Policy, and the Second Layer Excess Policy as a defense to the Complaint, the application of each provision of each policy to be determined upon further discovery in this case.

E. The Complaint is barred, in whole or in part, to the extent any applicable statutory, contractual, or equitable limitations period has expired.

F. Coverage is excluded (in whole or in part) by, *inter alia*, Exclusion 12(g) in the Primary Policy (as applied to the Travelers Policy and the Second Layer Excess Policy).

G. Federal hereby incorporates by reference all defenses to coverage raised in Federal's December 28, 2016 letter and Travelers' January 4, 2017 letter.

H. Travelers' and Federal's valuation of the claimed loss was proper and in accordance with the terms of the Primary Policy, the Travelers Policy, and the Second Layer Excess Policy.

I. An award of prejudgment interest, fees, expenses, and costs is not appropriate in this matter.

J. An award of extra-contractual damages is not appropriate in this matter.

1204841.1

K.  Count I (Breach of Contract) and Count III (Declaratory Judgment) should be bifurcated from Count II (Vexatious Refusal to Pay) pursuant to Fed. R. Civ. P. 42(b).

L.  Federal may have certain other affirmative defenses which have not yet become apparent based upon the allegations of the Complaint. Federal reserves the right to assert any additional affirmative defenses by amendment of this pleading or otherwise.

Wherefore, premises considered, Federal requests (1) an Order declaring that coverage is not implicated under the Second Layer Excess Policy, (2) a dismissal of the Complaint, (3) its costs, fees, and expenses, and (4) for any other relief this Court deems just and necessary.

Respectfully submitted,

/s/ Jeffrey S. Price
Scott Williams        Missouri Bar No. 65682
Jeffrey S. Price      *Pro Hac Vice*
Justin D. Wear        *Pro Hac Vice*
MANIER & HEROD, P.C.
1201 Demonbreun St., Suite 900
Nashville TN 37203
Phone: (615) 244-0030
Fax: (615) 242-4203
SWilliams@manierherod.com

**ATTORNEYS FOR DEFENDANT FEDERAL INSURANCE COMPANY**

1204841.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2017, a copy of the foregoing was served via this Court's ECF system upon the following:

Matthew S. Darrough
Brandi L. Burke
Thompson Coburn LLP
One US Bank Plaza
St. Louis MO 63101

/s/ Jeffrey S. Price_____

1204841.1